UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD HOLTZ,

           Plaintiff,

   v.

JANE DOE TERRY, et al.

           Defendants.

CASE NO. C12-5110 RBL-JRC

ORDER TO SHOW CAUSE

    This action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff specified that this was an action for declaratory relief brought pursuant to 28 U.S.C. § 2201 when he filed the action (ECF No. 7). 22 U.S.C. §2201 does not allow for a cause of action in federal court. Thus, there is no field for the court clerk to file this case in the electronic system under 28 U.S.C. §2201. Therefore, the clerk filed the case as a civil rights case pursuant to 42 U.S.C. §1983.

Plaintiff has objected and filed a "motion to clarify" in which he again specifically indicates that he wishes to bring the action as an action for declaratory relief under 28 U.S.C. § 2201 (ECF No. 9). Plaintiff is in charge of his complaint. The Court will not consider the action as a civil rights action at this time.

This Court has no subject matter jurisdiction over declaratory judgment actions pursuant to 28 U.S.C. § 2201. The Declaratory Judgment Act, 28 U.S.C. 2201, does not itself confer federal subject matter jurisdiction on this court. Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158 (9th Cir. 2005). Therefore, the Court cannot consider plaintiff's claims as they are currently characterized.

The Court is required to liberally construe pleadings to allow for jurisdiction if it is available. Plaintiff alleges that he missed his medicine one time when he was out of the unit for a visit during medicine call (ECF No. 7). This action may best be described as raising an Eighth Amendment claim. As a pre trial detainee, the Eighth Amendment's protections apply to him through the Fourteenth Amendment. Carnell v. Grimm, 74 F.3d 977 (9th Cir, 1996). But since plaintiff has stated that he objects to the case being characterized as a civil rights case, this Court is unable to determine what alternative ground, if any, would provide this Court subject matter jurisdiction over plaintiff's complaint.

Therefore, the Court orders that the plaintiff show cause why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff may either respond, or file an amended complaint providing some alternative basis for subject matter jurisdiction. A response to this order is due on or before May, 18, 2012. Failure to respond or an inadequate response will result in a Report and Recommendation that this action be dismissed either for failure to state a claim or for lack of subject matter jurisdiction.

Given this turn of events, the Court will not consider the defendant's motion to dismiss, (ECF No. 14), until after plaintiff has had an opportunity to respond to this order. Defendants may re-note their motion to dismiss, if appropriate, after May, 18, 2012.

Dated this 13th day of April, 2012.

J. Richard Creatura
United States Magistrate Judge