UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD HOLTZ,

           Plaintiff,

  v.

JANE DOE TERRY et al.,

           Defendants.

CASE NO. C12-5110 RBL-JRC

ORDER ACCEPTING PLAINTIFF'S AMENDED COMPLAINT AND DENYING DEFENDANT'S MOTION TO STRIKE THE PLEADING

      The district court has referred this 42 U.S.C. §1983 civil rights matter to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. On May 31, 2012, plaintiff asked the Court for an extension of time to file an amended complaint (ECF No. 22). Plaintiff then filed his amended complaint on June 11, 2012 (ECF No. 23). Defendants have filed a document they title as a reply to plaintiff's failure to respond to a motion to dismiss (ECF No. 24). Defendants ask that the amended complaint be struck from the record. Defendants also ask that their motion to dismiss be granted (ECF No. 24).

| | |
|---|---|
| 1 | Defendants first moved to dismiss this action in April of 2012 (ECF No. 14). At that time |
| 2 | plaintiff was demanding that the action be considered as a declaratory action brought pursuant to |
| 3 | 28 U.S.C. § 2201, and not as a civil rights action (ECF No. 9). The Court entered an order to |
| 4 | show cause because 28 U.S.C. § 2201 does not give the Court jurisdiction to hear an action (ECF |
| 5 | No. 17). The Court declined to consider defendant's motion, instructing defendants that they |
| 6 | could re-note their motion. Defendants followed the Court's instructions and re-noted the motion |
| 7 | (ECF No. 21). Now, plaintiff moves to file an amended complaint. Thus, defendants have twice |
| 8 | noted a motion that the Court has not heard. |
| 9 | The Court is aware of the procedural history of the action, however, in the Ninth Circuit |
| 10 | it is improper to dismiss an action without giving plaintiff an opportunity to file an amended |
| 11 | complaint. In civil rights cases, where the plaintiff is pro se, the district court has an obligation to |
| 12 | construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. Bretz v. |
| 13 | Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). A pro se litigant must be given leave |
| 14 | to amend his complaint unless it is "absolutely clear that the deficiencies of the complaint could |
| 15 | not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). |
| 16 | The Court accepts plaintiff's amended complaint (ECF No. 23). Defendant's motion to |
| 17 | strike the pleading is denied. Defendants may answer the complaint or take other action as |
| 18 | allowed by the Federal Rules of Civil Procedure. |
| 19 | Dated this 21st day of June, 2012. |
| 20 | |
| 21 | _____ |
| 22 | J. Richard Creatura<br>United States Magistrate Judge |
| 23 | |
| 24 | |